IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
|     Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION IN LIMINE** |
| vs. | ) | |
| | ) | |
| Kevin Joseph Nadeau, | ) | |
| | ) | Case No. 4:08-cr-031 |
| | ) | |
|     Defendant. | ) | |

_____

Before the Court is the Defendant's motion in limine filed on September 12, 2008.  See Docket No. 22.  The Government filed a response on September 15, 2008.  See Docket No. 24.  The Court denies the motion for the reasons set forth below.

**I.      BACKGROUND**

The defendant, Kevin Joseph Nadeau, was indicted on two counts – assault resulting in serious bodily injury and assault with a dangerous weapon.  See Docket No. 1.  On September 12, 2008, Nadeau filed a motion in limine to exclude evidence at trial of a metal pipe which law enforcement officers discovered in a vehicle located near Nadeau's residence.  See Docket No. 22.  Nadeau contends that witnesses have provided statements to law enforcement in which they all indicated that the victim, James Bruce, was struck by a "club."  Nadeau contends that there was no blood or human tissue on the metal pipe and that the pipe was dusted for fingerprints but no prints were developed for comparison purposes. As a result, Nadeau argues that there is no indication that the metal pipe was used in connection with the criminal conduct alleged in the indictment and, therefore, seeks exclusion of the evidence pursuant to Rule 401 of the Federal Rules of Evidence.

The Government contends that one of the witnesses provided a statement that the victim was struck by a "pipe." The Government also contends that the victim stated that he felt like he was being struck by at least two "clubs or pipes."

## II.  LEGAL DISCUSSION

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Even if evidence is relevant, it may still be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The term "club" is not a legal term or a term of art. It is clear that questions of whether the victim was assaulted and, if so, whether the object used in the assault was a "club" or "pipe," are questions of fact for the jury to decide. The Court finds that the discovery of the metal pipe or club is relevant and that its probative value substantially outweighs the dangers of unfair prejudice, confusion of the issues, misleading the jury, and undue delay and waste of time.

## III.  CONCLUSION

The Court **DENIES** the Defendant's motion in limine (Docket No. 22).

   **IT IS SO ORDERED.**

Dated this 16th day of September, 2008.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

2